UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KEVIN FITZPATRICK,

      Plaintiff,         **COMPLAINT**

 -against-

FIRST RELIANCE STANDARD
LIFE INSURANCE COMPANY,

      Defendant.
-------------------------------------------------------X

  The Plaintiff, KEVIN FITZPATRICK ("FITZPATRICK"), by and through his undersigned counsel, hereby sues FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY ("FIRST RELIANCE"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. FITZPATRICK brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of plan.

2. FITZPATRICK was at all times relevant a citizen of Hopewell Junction, New York and in all respects sui juris.

3. FIRST RELIANCE is a corporation with its principal place of business in the State of New York.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that it is where the breach took place and the Defendant may be found in this District.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to FITZPATRICK by FIRST RELIANCE.

6. FITZPATRICK was at all times material an employee of Volt Information Sciences, Inc.

7. FITZPATRICK was at all times material a plan participant under the Volt Information Sciences, Inc. Group Long Term Disability Insurance Policy (the "LTD Plan"), Group Policy Number LTD 116347, which was established by Volt Information Sciences, Inc. and pursuant to which FITZPATRICK is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. FIRST RELIANCE is the insurer of benefits under the LTD Plan and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, FIRST RELIANCE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, FIRST RELIANCE is not entitled to a deferential standard of review.

11. FIRST RELIANCE is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on FITZPATRICK's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, FITZPATRICK is entitled to LTD benefits for the duration of his disability, or until age 67, so long as he remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan,

> "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:
> (1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation;
>   (a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;
>   (b) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and
> (2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of any occupation. Any occupation is one that the Insured's education, training or experience will reasonably allow. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a Full-time basis.
>
> If an Insured is employed by you and requires a license for such occupation, the loss of such license for any reason does not in and of itself constitute "Total Disability".

14. At all relevant times, FITZPATRICK has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately January 3, 2015, FITZPATRICK has been disabled under the terms of the LTD Plan.

16. Since on or about January 3, 2015, as a result of an injury or sickness, FITZPATRICK has been unable to perform the material duties of his regular occupation.

17. Since on or about January 3, 2015, as a result of an injury or sickness, FITZPATRICK has been unable to perform the material duties of any occupation, as defined by the policy.

18. At all relevant times, FITZPATRICK has been under the regular care of a physician.

19. At all relevant time, FITZPATRICK has submitted proof of loss to FIRST RELIANCE.

20. At all relevant times, FITZPATRICK was a Covered Person under the LTD Plan.

21. Shortly after becoming disabled under the terms of the plan, FITZPATRICK made a claim to FIRST RELIANCE for disability benefits which FIRST RELIANCE eventually approved and paid through April 3, 2017.

22. By letter dated March 3, 2017, FIRST RELIANCE terminated FITZPATRICK's continued claim for benefits contending FITZPATRICK was no longer disabled under the terms of the policy and benefits were denied beyond April 3, 2017.

23. FITZPATRICK timely and properly appealed FIRST RELIANCE's adverse determination of March 3, 2017.

24. By letter dated January 17, 2018, FIRST RELIANCE affirmed its prior adverse determination denying FITZPATRICK's claim and informed FITZPATRICK that his administrative remedies had been exhausted.

25. From April 4, 2017, to the present date, FITZPATRICK has not received benefits owed to him under the LTD Plan despite FITZPATRICK's right to these benefits.

26. FIRST RELIANCE has refused to pay FITZPATRICK LTD benefits since April 3, 2017.

27. At all relevant times, FIRST RELIANCE was the payer of benefits.

28. At all relevant times, FIRST RELIANCE was the "Insurance Company" identified throughout the LTD Plan.

29. At all relevant times, FIRST RELIANCE was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

30. At all relevant times, FITZPATRICK has been and remains Disabled and entitled to LTD benefits from FIRST RELIANCE under the terms of the LTD Plan.

31. FITZPATRICK has been forced to retain the services of the undersigned counsel in order

to prosecute this action and is obligated to pay a reasonable attorney fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

32. FITZPATRICK incorporates Paragraphs 1 through 31 as if fully set forth herein.

33. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

34. Pursuant to 29 U.S.C. §1132(a)(1)(B), FITZPATRICK, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

35. FITZPATRICK has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of FIRST RELIANCE's failure to pay his disability benefits.

36. FITZPATRICK has exhausted all administrative remedies under the LTD Plan.

37. Defendant breached the LTD Plan and violated ERISA in the following respects:

   (a) Failing to pay LTD benefit payments to FITZPATRICK at a time when FIRST RELIANCE knew, or should have known, that FITZPATRICK was entitled to those benefits under the terms of the LTD Plan, as FITZPATRICK was disabled and unable to work and therefore entitled to benefits.

   (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of FITZPATRICK's claim for LTD benefits;

       (c)    After FITZPATRICK's claim was terminated in whole or in part, FIRST RELIANCE failed to adequately describe to FITZPATRICK any additional material or information necessary for FITZPATRICK to perfect his claim along with an explanation of why such material is or was necessary.

       (d)    FIRST RELIANCE failed to properly and adequately investigate the merits of FITZPATRICK's disability claim and failed to provide a full and fair review of FITZPATRICK's claim.

38. FITZPATRICK believes and thereon alleges that FIRST RELIANCE wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which FITZPATRICK is presently unaware, but which may be discovered in this future litigation and which FITZPATRICK will immediately make FIRST RELIANCE aware of once said acts or omissions are discovered by FITZPATRICK.

39. Following the termination of benefits under the LTD Plan, FITZPATRICK exhausted all administrative remedies required under ERISA, and FITZPATRICK has performed all duties and obligations on his part to be performed under the LTD Plan.

40. As a proximate result of the aforementioned wrongful conduct of FIRST RELIANCE, FITZPATRICK has damages for loss of disability benefits in a total sum to be shown at the time of trial.

41. As a further direct and proximate result of this improper determination regarding FITZPATRICK'S claim for benefits, FITZPATRICK, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), FITZPATRICK is entitled to have such fees and costs paid by FIRST RELIANCE.

42. The wrongful conduct of FIRST RELIANCE has created uncertainty where none should

exist. As such, FITZPATRICK is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, KEVIN FITZPATRICK prays for relief against FIRST RELIANCE STANDARD LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED:  April 16, 2018

>ATTORNEYS DELL AND SCHAEFER,
>CHARTERED
>Attorneys for Plaintiff
>2404 Hollywood Boulevard
>Hollywood, FL 33020
>(954) 620-8300
>
>  */s/ Gregory Michael Dell*
>GREGORY MICHAEL DELL, ESQUIRE

>                                      New York Bar No: 4513115
>                                      Email: gdell@diattorney.com